PER CURIAM.
Jonathan Griffin (Appellant) appeals from an order summarily denying his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
Appellant entered a negotiated plea to charges of first degree murder, robbery with a deadly weapon, burglary of an occupied conveyance, and grand theft auto. He raised three related, legally sufficient, claims of ineffective assistance of counsel: (1) failure to inform him of a temporary insanity defense where counsel was aware of Appellant’s prior mental problems and drug abuse; (2) failure to investigate the temporary insanity defense; and (3) mis-advice as to the availability of the voluntary intoxication defense. In the order on appeal, the trial court considered and adopted the State’s response with attachments, which indicated the need for an evidentiary hearing. However, the trial court summarily denied the motion without either an evidentiary hearing or an explanation why such a hearing was unnecessary.
In response to this court’s order to show cause, the State once again indicates that either an evidentiary hearing is necessary or the trial court must attach portions of the record conclusively refuting Appellant’s claims. The State acknowledges that the court’s order must be reversed.
We accordingly reverse and remand.
SHAHOOD, GROSS and MAY, JJ„ concur.